IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHELLYE PECHULUS, ANNA MARIE FALCONE, and JODIE HOLICH, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs <br><br> v. <br><br> PIPELINE HEALTH SYSTEMS LLC, a Delaware Corporation <br><br> Defendant | Case No. 19-06089 <br><br> Judge Franklin U. Valderrama |

**DEFENDANT PIPELINE HEALTH SYSTEM, LLC'S**
**MOTION TO EXTEND DISCOVERY SCHEDULE**

Defendant, Pipeline Health System, LLC ("Pipeline"), by and through its undersigned attorneys, moves this Court for an extension of the parties' discovery schedule, and in support hereof, states as follows

1. Plaintiffs initiated this matter on September 1, 2019 by filing a purported class action complaint against Pipeline, which was amended on November 29, 2019. (*See* Dkt. # 25 (the "Amended Complaint")). Defendant filed a motion to dismiss (Dkt. #33), which was denied on July 15, 2020 (Dkt #50). Defendant answered the Amended Complaint on August 7, 2020. (Dkt. # 53).

2. Thereafter, on November 1, 2020, the case was referred to Judge Maria Valdez for discovery supervision. (Dkt. # 59.) On November 2nd, Judge Valdez, through minute entry, entered an agreed discovery schedule that provided for a deadline to file dispositive motions on the single employer issue of January 15, 2021. Amendments to pleadings or to join other parties are to be filed by February 15, 2021; fact discovery closes on May 31, 2021; the deadline to file a

motion for class certification is June 25, 2021. (Dkt. # 60). Plaintiffs have served discovery on the Defendant and the Defendant is in the process of gathering and producing documents.

3. The Plaintiff Anna Marie Faclone had also filed a nearly identical class action suit against Westlake-Pipeline Hospital, LLC in its bankruptcy case, which bankruptcy case is pending as Case No. 19-22881 in the Bankruptcy Court for the Northern District of Illinois. The class action suit was pending as *Anna Marie Falcone v. Pipeline – Westlake Hospital, LLC*, Adv. No. 20-00008 (Bankr. N.D. Ill.) (the "Adversary Proceeding").

4. On September 18, 2020, Pipeline filed a motion to intervene in the Adversary Proceeding because "Plaintiff effectively seeks to hold Pipeline liable in absentia" and arguing that "[a]dverse findings could prejudice Pipeline in both the District Court action and with respect to its proof of claim against the estate." (Adv. Dkt. #12.) There was no objection to the intervention and the Bankruptcy Court granted the motion to intervene on October 1, 2020, at which point Pipeline became a defendant in the Adversary Proceeding. (Adv. Dkt. #13.)

5. On November 11, 2020, Pipeline filed its *Local Rule 40.3.1(A) Motion for an Order Referring This Case to the Bankruptcy Court for the Northern District of Illinois* (Dkt. #61) (the "Referral Motion"). The Referral Motion asked this Court to refer this action to the Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court") so that it may be consolidated with the Adversary Proceeding. This Court entered a briefing schedule (Dkt. #63) for the Referral Motion, which required Plaintiffs' response on or before December 3, 2020 and Pipeline's reply on or before December 17, 2020.

6. On December 2, 2020, Plaintiff Anna Marie Falcone filed a Dismissal Notice in the Adversary Proceeding, dismissing that case *with prejudice*, which dismissal did not include the Wage Act Proof of Claim. (Adv. Dkt. #20.) Also on December 2, 2020, Plaintiff Anna Marie

Falcone filed a Notice of Withdrawal of the WARN Act Claims, withdrawing all claims under the WARN Act with prejudice, but expressly retaining the Wage Act Proof of Claim. (Bankruptcy Case No. 19-22881, Dkt. 69.) On December 3, 2020, the Plaintiffs filed their response to the Referral Motion in this Court (Dkt. #66), arguing that the Referral Motion was moot as the Adversary Proceeding had been dismissed. Although the Adversary Proceeding was dismissed, the Wage Act Proof of Claim against the Westlake Hospital Debtor was not dismissed or withdrawn.

7. On December 17, 2020, while the Referral Motion remained pending, Pipeline filed its *Federal Rule 56 Motion for Summary Judgment* (Dkt. # 67) (the "Res Judicata Motion"). The Res Judicata Motion seeks an order granting summary judgment in Pipeline's favor and dismissing Count I of this case on the grounds that it is barred by the doctrine of *res judicata* following Plaintiff Anna Maria Falcone's dismissal of the Adversary Proceeding with prejudice.

8. Also on December 17, 2020, Pipeline filed its Reply in Support of the Referral Motion, requesting that Count II of this action under the Wage Act be referred to the Bankruptcy Court to be considered and adjudicated with the Wage Act Proof of Claim. (Dkt. # 68.)

9. On December 18, 2020, this Court directed Pipeline to submit a status report explaining why this Court "should address [the Res Judicata Motion] and dismiss the case, as Defendant requests in the motion, if at the same time Defendant is requesting the Court to refer the case to the Bankruptcy Court." (Dkt. # 69.) On December 22, 2020, Pipeline filed its Status Report in Response to the December 18, 202 0 Order, and, at Plaintiffs' request, on December 29, 2020, filed its Clarification of its Status Report, delineating the precise named plaintiffs in each of this lawsuit and in the Adversary Proceeding.

10. The Court has not set a briefing schedule on the Res Judicata Motion or decided

the Referral Motion.

11. Pipeline requests that the discovery deadlines currently in place, including the date by which dispositive motions must be filed on the single employer issue, be extended to allow the Res Judicata Motion and the Referral Motion to be adjudicated.

WHEREFORE, for the foregoing reasons, Pipeline respectfully requests that this Court extend the deadlines that are currently in place until the Court has had an opportunity to consider and decide the Res Judicata Motion as to the WARN Act Claims (Count I), and the Referral Motion with respect to the Wage Act Claims (Count II), and for such other and further relief as is just.

January 14, 2021

**PIPELINE HEALTH SYSTEM, LLC**

By: /s/ Rosanne Ciambrone
    One of its attorneys

Richard P. Darke
Rosanne Ciambrone
Duane Morris LLP
190 S. LaSalle St., Suite 3700
Chicago, IL 60603
(312) 499-6700
rpdarke@duanemorris.com
RCiambrone@duanemorris.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on January 14, 2021, she caused the foregoing document to be electronically filed with the Clerk of the U.S. District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF system, which will send electronic notification of the filing to those parties who have appeared and are registered as CM/ECF participants in this matter. Parties may access this filing through the Court's CM/ECF system.

/s/ Rosanne Ciambrone